**Ron NYSTROM, Plaintiff–Appellant,**

v.

**TREX COMPANY, INC. and Trex Company, LLC, Defendants–Appellees.**

No. 03–1092.

United States Court of Appeals, Federal Circuit.

Nov. 21, 2003.

Before MAYER, Chief Judge, GAJARSA, and LINN, Circuit Judges.

ON PETITION FOR REHEARING

*ORDER*

Appellant Ron Nystrom ("Nystrom") responds to the court's October 9, 2003 order to show cause by providing this court with an "Amended Judgment in a Civil Case" issued by the district court and stamped "Filed Oct 21, 2003" ("Amended Judgment"). The Amended Judgment repeats the previously entered judgments of non-infringement against plaintiff and in favor of defendants and of invalidity of claims 18–20 in favor of defendants, and dismisses without prejudice the remainder of defendants' declaratory judgment counterclaim previously stayed. The Amended Judgment bears the date of "October 20, 2003, *nunc pro tunc* October 25, 2002" and is entered on the district court's docket sheet with the date October 21, 2003.

The Amended Judgment reflects the district court's action for the first time in dismissing without prejudice the remainder of defendants' declaratory judgment counterclaim previously stayed, to transform a non-final judgment into a final judgment. This is a substantive change to the judgment. The Supreme Court has recognized that the time to file for appeal of a substantively amended final judgment begins to run on the date of the amendment. *See Fed. Trade Comm'n v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 211–12, 73 S.Ct. 245, 97 L.Ed. 245 (1952) ("[W]hen the lower court changes matters of substance ... the period within which an appeal must be taken ... begin[s] to run anew."). The Amended Judgment effected a substantive change in the judgment, which cannot have *nunc pro tunc* effect. Thus, the district court's designation of the Amended Judgment *nunc pro tunc* the date of the original judgment does not make the originally filed notice of appeal timely under Federal Rule of Appellate Procedure 4.

In *State Contracting & Engineering Corp. v. Florida,* 258 F.3d 1329 (Fed.Cir. 2001), we held that "a premature notice of appeal ripens upon entry of a proper Rule

---

54(b) certification." *Id.* at 1335. In the present case, there is now no Rule 54(b) certification. The Amended Judgment, issued October 21, 2003, replaced what was characterized as a Rule 54(b) certification with a substantively amended final judgment that was not certified in accordance with Rule 54(b). Notwithstanding *State Contracting*'s limited holding, this court, in *E–Pass Techs., Inc. v. 3Com Corp.*, 343 F.3d 1364, 1367 (Fed.Cir.2003), held that a premature notice of appeal ripens upon subsequent action by the district court in dismissing without prejudice counterclaims unresolved at the time the notice of appeal was originally filed, independent of any certification under Rule 54(b). Because we are bound to follow the holding in *E–Pass,* the Amended Judgment is deemed to ripen the premature notice of appeal, and the appeal is hereby reinstated. The parties will be notified of the scheduling of oral argument in due course.