SILICON GRAPHICS, INC., Plaintiff,

v.

ATI TECHNOLOGIES, INC., ATI Technologies ULC and Advanced Micro Devices, Inc., Defendants.

No. 06–cv–0611–bbc.

United States District Court, W.D. Wisconsin.

March 25, 2008.

James M. Bollinger, Daniel Patrick Murphy, David Nir, Jennifer L. Dereka, Joseph D. Etra, Philip Laurence Hirschhorn, Morgan, Lewis & Bockius LLP, Steven Duane Underwood, New York, NY, David W. Marston, Jr., Morgan, Lewis & Bockius LLP, Philadelphia, PA, Thomas Patrick Heneghan, Edward Pardon, Michael Best & Friedrich LLP, Madison, WI, for Plaintiff.

Diane Simerson, Samuel L. Walling, William Manning, Aaron Robert Fahrenkrog, Amy Slusser, Andrew Martin Kepper, Brian Arthur Mayer, Cole Fauver, Jacob Zimmerman, Robins, Kaplan, Miller & Ciresi L.L.P., Minneapolis, MN, Joseph A. Ranney, Dewitt Ross & Stevens S.C., Madison, WI, for Defendants.

## OPINION AND ORDER

BARBARA B. CRABB, District Judge.

An order entered on February 15, 2008 disposed of all of the claims and counterclaims asserted in this patent litigation, treating them as having been addressed, withdrawn or abandoned. On February 19, 2008, defendants filed a request to clarify the order by deleting any reference to abandonment of any invalidity claims raised in their counterclaims but not pursued at trial. Defendants seek amendment of the February 15 order to provide that (1) on defendants' counterclaims of invalidity of claims 17, 18, 22 and 23 of plaintiff's U.S. Patent 6,650,327, judgment will be entered for plaintiff; and (2) defendants' counterclaims of invalidity of claims 1–6, 9–12 and 15–16 of the '327 patent and all asserted claims of plaintiff's U.S. Patent Nos. 6,292,200 and 6,885,376 are rendered moot by previous rulings of the court and dismissed without prejudice. Plaintiff objects to defendants' request, arguing that defendants cannot have things both ways: they persuaded the court that it had jurisdiction to hear their counterclaims on invalidity and unenforceability grounded on inequitable conduct; having prevailed on this point, they cannot say that they wanted the court to exercise only enough jurisdiction to hear the four patent claims that they chose to prosecute.

Both sides filed initial briefs on the motion for clarification, after which defendants asked for permission to file a reply, to which plaintiff objected. Despite plaintiff's objection, I have considered defendants' reply brief. Nothing in it has changed my determination of the underlying motion for clarification.

Before turning to defendants' motion, it may be helpful to examine the jurisdictional basis on which trial proceeded on defendants' counterclaims. The issue arose when plaintiff decided on the eve of trial to

withdraw the four claims of its '327 patent on which defendants' motion for summary judgment of noninfringement had been denied. (The remaining asserted claims had been found not infringed.) Although plaintiff offered to enter into a covenant not to sue on the four remaining infringement claims, defendants argued that trial should proceed on the invalidity claims asserted in their counterclaims.

Until defendants raised the issue, I was under the impression that it was settled law that once infringement claims are resolved, the court loses jurisdiction to decide related claims of invalidity and unenforceability. Further research revealed that the issue was not so straightforward. Cases from the Court of Appeals for the Federal Circuit have left unclear the standard for determining the boundaries of declaratory judgment jurisdiction. *Compare Fort James Corp. v. Solo Cup Co.,* 412 F.3d 1340, 1348 (Fed.Cir.2005) (holding that district court erred in concluding that it lost jurisdiction to hear counterclaim for unenforceability after jury returned verdicts on invalidity and infringement and plaintiff executed covenant not to sue), *with Benitec Australia Ltd. v. Nucleonics, Inc.,* 495 F.3d 1340, 1347 (Fed.Cir.2007) (holding that district court was correct in concluding that it lost jurisdiction over defendants' counterclaims for declaratory judgment after plaintiff dismissed its infringement claims without prejudice "before a trial and the considerable effort connected therewith had taken place").

Until the Supreme Court acted in *Cardinal Chemical v. Morton International, Inc.,* 508 U.S. 83, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993), the Federal Circuit routinely vacated declaratory judgments of patent invalidity in cases in which it found noninfringement. Without addressing the issues of invalidity or unenforceability, the court of appeals took the position that the

noninfringement finding resolved the case or controversy, rendering the alleged infringer's defenses or counterclaims " 'moot' in a jurisdictional sense." *Id.* at 92, 113 S.Ct. 1967. It even went so far as to vacate district court rulings on invalidity. *Id.* The practice ended after the Supreme Court held in *Cardinal Chemical* that the Federal Circuit had jurisdiction to consider an appeal from a declaratory judgment of invalidity, even after affirming a finding of noninfringement. *Id.* at 96, 113 S.Ct. 1967. The Court explained that a case or controversy adequate to support jurisdiction of a counterclaim for declaratory judgment necessarily exists if a party has actually been charged with infringement of a patent. *Id.* In addition, the Court noted that once the initial burden of establishing the court's jurisdiction has been met, "courts are entitled to presume, absent further information, that jurisdiction continues." *Id.* at 98, 113 S.Ct. 1967.

The Federal Circuit has responded to *Cardinal Chemical* in sometimes conflicting ways. In *Super Sack Manufacturing Corporation v. Chase Packaging Corp.,* 57 F.3d 1054, 1058 (Fed.Cir.1995), the court suggested that *Cardinal Chemical* was directed only at the appellate court and was not to affect "declaratory justiciability at the trial court level." *Id.* at 1060. In *Super Sack,* the court upheld a district court's ruling that it lost jurisdiction over the defendant's declaratory judgment counterclaims when the plaintiff filed a motion to dismiss its claims of infringement with a promise not to sue for products made, used or sold before the motion was filed. *Id.* at 1056–57.

However, in *Fort James Corp.,* 412 F.3d 1340, the Federal Circuit appears to have changed its mind about the role of *Cardinal Chemical.* The court reversed the district court's ruling that no case or controversy remained to support an exercise

of jurisdiction over a declaratory judgment counterclaim for unenforceability. The district court had declared the issue of unenforceability moot after the jury found that the plaintiff's patent was valid and not infringed and after plaintiff had submitted a covenant not to sue on the patents at issue or appeal the jury's verdict. *Fort James*, 412 F.3d at 1344–45. In reversing, the court of appeals relied on *Cardinal Chemical* for the proposition that jurisdiction over a counterclaim for declaratory judgment necessarily exists when the defendant has been sued for infringement and concluded that "a counterclaim questioning the validity or enforceability of a patent raises issues beyond the initial claim for infringement that are not disposed of by a decision of non-infringement." *Cardinal Chemical*, 508 U.S. at 98, 113 S.Ct. 1967 (citing *Fin Control Systems, Pty, Ltd. v. OAM, Inc.*, 265 F.3d 1311, 1321 (Fed.Cir.2001) (holding that district court is obligated to rule on defendant's counterclaims of invalidity and unenforceability despite court's finding of no infringement)). Although the statement in *Fort James* suggests that a counterclaim for declaratory judgment raises new issues in and of itself, the Court never said this in *Cardinal Chemical*. It said only that

> [i]t is equally clear that the Federal Circuit, even after affirming the finding of noninfringement, had jurisdiction to consider Morton's appeal from the declaratory judgment of invalidity. A party seeking a declaratory judgment of invalidity presents a claim independent of the patentee's charge of infringement. *If the District Court has jurisdiction (established independently from its jurisdiction over the patentee's charge of infringement)* to consider that claim, so does (barring any intervening events) the Federal Circuit.

*Cardinal Chemical*, 508 U.S. at 96, 113 S.Ct. 1967 (emphasis altered from original).

In deciding *Fort James*, the court of appeals found new importance in the message of *Cardinal Chemical*. At the same time, it attempted to preserve the ruling in *Super Sack* and its progeny by distinguishing the facts:

> In *Super Sack* and its progeny, the patentee's covenant not to sue was filed prior to consideration or resolution of the underlying infringement claim. In such circumstances, the promise not to sue obviated any reasonable apprehension that the declaratory judgment plaintiff might have of being held liable for its acts of infringement.... Here, however, the Post–Verdict Covenant had no effect on Fort James's claim for infringement, because that controversy had already been resolved by the jury's verdict.

*Fort James*, 412 F.3d at 1348. Thus, the court appeared to say that a defendant cannot be deprived of jurisdiction after it has run the gauntlet on issues of infringement by risking a finding of infringement by "consideration [by summary judgment] or resolution [by jury trial]." *Id.*

However, the Federal Circuit's most recent attempt to describe the rule underlying *Fort James* draws a slightly different line in the sand. In *Benitec*, 495 F.3d at 1347, the court explained that *Fort James* does not compel jurisdiction when a request for dismissal occurs "before a trial and the considerable effort connected therewith had taken place." *Id.* In *Benitec*, the plaintiff moved for dismissal following a Supreme Court decision in another case that threatened the viability of its infringement claims. Although the district court had resolved a motion to dismiss for failure to state a claim and the request for voluntary dismissal came almost a year and a half after the case was filed and discovery was well along, the Federal Circuit upheld the district court's ruling that

jurisdiction no longer existed. It distinguished the plaintiff's case from *Fort James* because "no trial of the infringement issue had taken place."

In addition, the court of appeals appeared to return to a narrow view of the role of *Cardinal Chemical.* "This court has rejected the argument that subsequent events cannot divest the *trial court* of jurisdiction, noting that *Cardinal Chemical* dealt primarily with *this court's* previous practice of vacating findings of patent invalidity as moot in light of noninfringement." *Benitec,* 495 F.3d at 1345 (citing *Super Sack,* 57 F.3d at 1060) (emphasis added).

Although the present case law of the Federal Circuit leaves many questions, one conclusion is that *Fort James* is an exception to the familiar rule that once a court discovers that no case or controversy remains, either because of a covenant not to sue or some other intervening event, the court is divested of jurisdiction. Moreover, the *Fort James* exception is narrow. Under present case law, it applies only when a "trial of the infringement issue has taken place," or at least before the parties have expended "the considerable effort" connected with preparing for a trial. *Benitec,* 495 F.3d at 1347.

Reaching this conclusion does not answer the question why there is such an exception. Why, in other words, does a case or controversy continue to exist when a promise not to sue is made after the infringement trial but not when the promise is made before trial? One answer might be that by the time of trial, it is certain that the dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 S.Ct. 764, 771, 166 L.Ed.2d 604 (2007). On the other hand, it is questionable whether, once the patentee has disavowed any intention to pursue its claims, there remains " 'a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' " *Id.* (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)).

If one looks at the issue from the alleged infringer's point of view, the exception is a puzzling one. It makes more sense if one looks at the question from the standpoint of judicial economy, a key consideration in *Cardinal Chemical,* 508 U.S. 83, 113 S.Ct. 1967, 124 L.Ed.2d 1, the exception makes sense. When the patentee makes a promise not to sue early in the case before the court has had to expend much time in deciding the issues and the parties have not invested heavily in trial preparation, considerations of judicial economy support a determination that the remaining issues should be denied as moot. On the other hand, if the promise not to sue is withheld until late in the case and the alleged infringer wants to proceed on invalidity and unenforceability issues, resolution of these issues promotes judicial economy, particularly when the promise comes on the eve of trial or in the midst of it. One could look at the situation not as one would evaluate a stand-alone motion for declaratory relief, but in the way that courts look at claims heard under the court's supplemental jurisdiction. 28 U.S.C. § 1367. In the latter instance, subject matter jurisdiction is technically lost once the original claim is decided but under certain circumstances, district courts may exercise their discretion to proceed with the remaining claims. This seems to be the approach used in *Fort James,* 412 F.3d at 1348, although not articulated. *See also Nystrom v. TREX Co., Inc.,* 339 F.3d 1347, 1351 (Fed.Cir.2003), *appeal reinstated,* 83 Fed.Appx. 321 (Fed.Cir.2003), *opinion after reinstatement of appeal,* 374 F.3d 1105

(Fed.Cir.2004) (listing four ways in which district court might handle invalidity counterclaims after finding of noninfringement: proceed to trial on the remaining invalidity and unenforceability counterclaims; dismiss counterclaim without prejudice; direct entry of final judgment on fewer than all claims; allow interlocutory appeal).

■ Until the Court of Appeals for the Federal Circuit provides more guidance on the issue, I intend to exercise discretion in deciding whether to allow a patent case to proceed on additional claims once the infringement claims have been decided favorably to the alleged infringer. In making those determinations, the critical factors will be whether (1) the invalidity claims were raised in counterclaims rather than simply as affirmative defenses; (2) the court has expended significant effort in deciding the complex motion for summary judgment on the infringement claims; (3) there remains a possibility that the summary judgment ruling will be reversed on appeal; and (4) defendants have prepared for trial of the claims. This case satisfied all those conditions. In addition, all the participants were present, ready to proceed with the trial. In these circumstances, proceeding to trial on the remaining claims served judicial economy.

■ After this long detour into the propriety of exercising jurisdiction, I turn finally to defendants' request to enter judgment on only the four counterclaims of invalidity that defendants prosecuted. In slightly disingenuous fashion, defendants say that the court was aware throughout the discussion of the issue that defendants were asking it to exercise its discretion to hear just these four claims. In making this assertion, defendants rely on one throwaway sentence in a brief submitted in the flurry of events before trial proceeded. Their reliance is misplaced; the sentence does not support their assertion that "everyone understood" that they were asking

the court to exercise its discretion in such a limited way. In fact, their intention to limit prosecution of the validity claims became clear only after the request to proceed to trial was granted and defendants began explaining how they intended to proceed.

Whether or not defendants made their intent clear at the time, their present argument for limited jurisdiction is unpersuasive. They mounted a vigorous campaign to win reversal of a ruling that their invalidity and unenforceability counterclaims were moot. Their strongest argument for exercising jurisdiction over the counterclaims in this case was that doing so would serve judicial economy. They argued successfully that it made sense to resolve the remaining issues after all of the parties' trial preparation, the possibility that the issues might arise again and the fact that the jurors had been called for trial. In other words, going forward would promote judicial economy. They do not explain how it would serve the same goal to permit them to keep their untried claims alive. They simply assert the ad terrorem argument that if the court denies their motion, in the future, parties will litigate extraneous claims simply to protect against a finding of abandonment. This seems unlikely. Why would parties go to the expense of litigating weak claims simply to avoid the risk of losing them? On the other hand, adopting defendants' approach and allowing parties to hold some claims in reserve would have the pernicious effect of clouding the validity of a patent for as long as it lasts.

Because defendants had a full chance to try all of their claims of invalidity and inequitable conduct, they will be held to have abandoned or waived all but the four claims they prosecuted. Their motion for clarification or, more accurately, for amendment, will be denied on this issue.

ORDER

IT IS ORDERED that

1. The motion of defendants ATI Technologies, Inc., ATI Technologies, ULC and Advanced Micro Devices to file a reply brief in support of their motion for clarification (dkt.# 555) is GRANTED.

2. Defendants' motion for clarification (dkt.# 552) is DENIED as to defendants' request for amendment of the February 15, 2008 order to eliminate any reference to abandonment of claims and GRANTED insofar as necessary to make the order more precise.

3. The February 15, 2008 order is AMENDED in the following respects:

a. In the first sentence of the second paragraph on page 1, the words "'327 inequitable" is inserted before "counterclaim."

b. In the second sentence of the same paragraph, "not longer" is amended to read "no longer."

c. The Order section is deleted and the following paragraph is inserted: Now that all of the claims and counterclaims have been addressed, withdrawn or abandoned, the clerk of court is directed to enter judgment in favor of defendants ATI Technologies, Inc., ATI Technologies, ULC and Advanced Micro Devices on plaintiff Silicon Graphics, Inc.'s claims of infringement claims 1–6, 9–12 and 15–18, 22 and 23 of U.S. Patent No. 6,650,327, claims 1, 4–6, 8, 11 and 16 of U.S. Patent No. 6,292,200 and claims 1, 4–9 and 11 of U.S. Patent No. 6,885,-376; and in favor of plaintiff Silicon Graphics, Inc. on defendants' counterclaims of invalidity and inequitable conduct on claims 17, 18, 22 and 23 of plaintiff's '327 patent.

In all other respects the February 15 order remains as entered.